UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| William Pierre | Civil Action No. 07-721 |
| versus | Judge Tucker L. Melançon |
| Crescent Marine Towing, Inc *et al* | Magistrate Judge Mildred E. Methvin |

MEMORANDUM RULING

Before the Court is defendants' Motion to Transfer Case [Rec. Doc. 10], and plaintiff's Opposition thereto [Rec. Doc. 14]. Defendants request that the Court transfer this case to the Eastern District of Louisiana for the convenience of the parties and witnesses and in the interest of judicial economy. For the reasons that follow, the Motion [Rec. Doc. 10] will be GRANTED.

The general venue rules of 28 U.S.C.§ 1401(a) and 1391(c) govern. Under 28 U.S.C. § 1404(a), it is within the Court's discretion to transfer venue to any district or division where the case may have been brought "for the convenience of the parties, witnesses and in the interest of justice." 28 U.S.C. § 1404(a). The purpose of the transfer statute is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The plaintiff's choice of forum is usually entitled to deference. *Holmes v. Warrior & Gulf Navigation Company*, No. Civ.A. 04-1487, 2004 WL 1774615 (E.D. La., Aug. 8, 2004) (citing *Peteet v. Dow Chemical Co.,* 368 F.2d 1328 (5th Cir. 1989)). The movant has the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The decision to transfer a pending case is committed to the sound

discretion of the district court. *Van Dusen*, 376 U.S. at 616. In determining whether a transfer is proper, the court engages in a fact-specific, case-by-case consideration of convenience and fairness; weighing such factors as the convenience of the parties, the ease of access to sources of proof, the convenience of witnesses, the imposition of jury duty on a community not related to the litigation, where the events took place, the desirability of deciding localized controversies at home, the familiarity of the forum court with the state law governing, and docket congestion. *Gulf Oil v. Gilbert*, 330 U.S. 508 (1947); *Gundle Lining Const. v. Fireman's Fund Ins.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

In short, the Court considers both the parties' private interests and the public interest:

> The private interests are informed by (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the convenience of the witnesses, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) the convenience of the parties, specifically, their respective residences and abilities to bear the expense of trial in a particular forum, and (5) all other factors relating to the expeditious and efficient adjudication of the dispute.
>
> The public interests include (1) the relative administrative difficulties in the two jurisdictions, (2) the local interest in having localized controversies resolved at home, (3) the appropriateness of having the jurisdiction whose law will actually govern the dispute adjudicate the dispute in order to avoid difficult problems in conflicts of laws, and (4) the unfairness of burdening citizens in an unrelated forum with jury duty.

*See e.g., Cypress Drilling, Inc. v. Griffin,* No. Civ. A. 06-556, 2006 WL 2177992 (W.D. La. July 31, 2006); *Laitram Corp. v. Hewlett-Packard Co.*, 120 F.Supp. 2d 607, 608 (E.D. La. 2000); *Anderson v. AT&T Corp.,* 918 F. Supp. 1059 (S.D. Tx. 1996).

Where a defendant is a corporation, 28 USC§ 1391(c) provides that for purposes of venue:

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

This litigation arises out of injuries allegedly sustained by plaintiff, William Pierre, a Jones Act seaman, when he was employed as a deck-hand on the *M/V Celina Marie,* while performing work for defendant C&M Marine on a barge owned by defendant Luhr Brothers.

Considering the private and public interest factors set out above, the pertinent facts are as follows. Plaintiff is a resident of Tickfaw, Louisiana, which is within the jurisdiction of the Eastern District. The *M/V Celina Marie* is owned and operated by defendant C & M Marine, a Louisiana limited liability corporation with its principal place of business in Harvey, Louisiana, which is also within the Eastern District. However, C&M Marine does perform maritime work throughout the southern Louisiana, including in areas within the jurisdiction of the Western District of Louisiana. Defendant, Luhr Bros, Inc. is foreign corporation with its principal place of business in Illinois; it has no office in Louisiana. The accident allegedly occurred while the involved parties and vessels were on the Vermillion River, near Lafayette, Louisiana, which is within the jurisdiction of the Western District of Louisiana. (*Plaintiff's Motion*, p. 2).

On April 10, 2007, when plaintiff allegedly slipped and fell on the Luhr Bros. Barge #

350 after untying it from the Six Fleet Mile on the Vermillion River, he was taken off the vessel and transported to West Jefferson Medical Center in Marrero, Louisiana, which is within the Eastern District of Louisiana. There he was given emergency room treatment and evaluation which included x-rays and MRI. (*Plaintiff's Motion*, p. 1).  Plaintiff was also evaluated and treated by a Dr. Bourgeois in Marrero, Louisiana and allegedly receiving physical therapy treatment in Hammond, Louisiana, both of which are also within the Eastern District of Louisiana.  (*Id.*).  As it were, the potential fact witnesses, the crew of the *M/V Celina Marie,* allegedly all live in the Eastern District and are employed by companies in the Eastern District, including defendant C&M Marine. (*Id.* at pp. 1-3).

In short, defendants allege that the "vast majority of the connections in this case are in the Eastern District," and the only connection this incident had with the Western District of Louisiana is that the *M/V Celina Marie* was in transit, passing through area within its jurisdiction, when the accident happened;  plaintiff's counsel is located in Lafayette;  and plaintiff's counsel originally referred plaintiff to a Lafayette physician for evaluation. (*Id.*)

Plaintiff rebuts that although plaintiff lives within the Eastern District, Tickfaw is "situated only slightly closer to New Orleans than to Lafayette" and that C&M routinely conducts business in the Western District of Louisiana "such that any inconvenience in having to attend trial in Lafayette is not great" and it can also easily transport those fact-witnesses which are still in its employ to Lafayette. (*Plaintiff's Opposition,* p. 3-4).  It is also asserted that two of plaintiff's treating physicians, Robert D. Franklin, M.D., rehabilitation specialist, and Patrick Juneau, III, M.D., neurosurgeon, "who are two key witnesses on damages and

medical causation, whose attendance at depositions and trial will be necessary" practice in Lafayette, Louisiana (*Id.* at 4). Finally, plaintiff argues that "[I]t is undisputed that the Eastern District's docket is overloaded with cases relating to Hurricane Katrina. Thus, the plaintiff faces the possibility of significant delay if this matter is transferred."[1] (*Id.* at 6).

Noting the existence of substantive connections of the Western District of Louisiana to this matter, the Court nonetheless finds that the jurisprudential factors, as applied to this case, weigh in favor of granting the Motion to Transfer. With the exception of counsel for plaintiff, the parties and their attorneys reside in the Eastern District, and it is not disputed that all but one of the witnesses are located in the Eastern District, and all of the records, except Dr. Juneau and Dr. Franklin's, are located in the Eastern District. Thus, as defendants argued, it does indeed seem that "[t]he cost of obtaining attendance of the witnesses and other trial expenses would be substantially reduced by pursuing this litigation in the Eastern District." (*Defendants' Motion*, p. 3). Therefore, in the interest of judicial economy, convenience and fairness, defendants' Motion will be GRANTED.

---

[1] From discussions with the undersigned's colleagues from the Eastern District of Louisiana, it is highly unlikely that the "plaintiff faces the possibility of significant delay if this matter is transferred;" in fact, it is highly probable that a trial date will be assigned at an earlier date than would be the case if the matter were not transferred to the Eastern District.